## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### (Pensacola Division)

DESIGN ONE CORPORATION, INC.,

       Plaintiff,

vs.                                  **Case No.**

HIXARDT TECHNOLOGIES, INC., and
MICHAEL E. HICKS, JR., individually,

       Defendants.

_____/

## **COMPLAINT**

Plaintiff, Design One Corporation, Inc., sues Hixardt Technologies, Inc. and Michael E. Hicks, Jr., individually, and states in support as follows:

1.     Plaintiff, Design One Corporation, Inc. [hereinafter "Design One"] is a Maryland information technology company with its principal place of business in Rockville, Maryland.

2.     Defendant, Hixardt Technologies, Inc. [hereinafter "Hixardt"] is a Florida information technology company with its principal place of business in Pensacola, Florida.

3.     Defendant, Michael E. Hicks, Jr. [hereinafter "Mr. Hicks"], is the majority owner and CEO of Hixardt and is a resident of Santa Rosa County, Florida.

4.   This Court has diversity jurisdiction over this dispute pursuant to 28 U.S. Code § 1332(a) as the amount in controversy exceeds $75,000 and Design One is a citizen of a different state than each Defendant.

5.   Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants do business in the State of Florida and said district.

6.   Venue is similarly proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in said district.

7.   Venue is proper in the Pensacola Division under Northern District of Florida Local Rule 3.1(A)(2) because both venue standards apply to Escambia County, Florida and Santa Rosa County, Florida.

### *Statement of Relevant Facts*

8.   On or about February 5, 2020, the parties executed a Business Purchase Agreement (referred to hereafter as the "Agreement").  A true and correct copy of the Agreement executed on behalf of Design One and Hixardt is attached and incorporated as Exhibit 1.

9.   Under the Agreement, Design One agreed to convey certain assets of Design One (including all of its customers, equipment, and accounts receivable) to Hixardt in exchange for payment of approximately Nine Hundred Thousand Dollars ($900,000).

2

10.    The Agreement requires Hixardt to pay $450,000 at closing (with certain specified adjustments) and payment of the remaining $450,000 (with specified adjustments) one year after closing.

11.    Pursuant to the Agreement, Hixardt would operate Design One for 90 days as part of an "Adjustment Period" servicing all of Design One's customers, paying its operating costs as well as invoicing customers and collecting its accounts receivable.

12.    "Closing" (including the transfer of approximately $450,000 to Plaintiff) was to take place 30 days after the Adjustment Period ends (on or about June 5, 2020).

13.    The parties mutually agreed to extend the Adjustment Period by 30 days to June 5, 2020.

14.    Under the Agreement, Hixardt could terminate the Agreement only during the Adjustment period (90 days after February 5, 2020) and only for fraud or material misrepresentation.

15.    To terminate the Agreement, the "Buyer shall provide the Seller thirty (30) days written notice of termination and opportunity to respond and clarify any such determination." (Exhibit 1).

16.    The Adjustment Period passed (as well as the extended Adjustment Period) without notice of termination from the Buyer.

3

17.    Hixardt, however, refused to close the sale and tender payment despite possession of nearly all of Design One's assets; including its customers.

18.    The Agreement sets forth a remedy for the parties to submit any financial disputes concerning any adjustments in the purchase price to their respective accountants for a mediated resolution.

19.    Hixardt (and its CEO, Mr. Hicks) refused to consent to any dispute resolution.

20.    For nearly six months, Hixardt refused to close on its purchase of Design One's assets while it maintained exclusive control over nearly all of Design One's assets and operated its business.

21.    On December 7, 2020, Design One and Hixardt (by its Chief Executive Officer, Mr. Hicks) executed an Amendment to the Agreement [hereinafter "the Amendment"].  A true and correct copy of the Amendment is attached and incorporated as Exhibit 2.

22.    The Amendment provides that Hixardt will pay Design One a reduced purchase price of $620,000 – with $450,000 to be paid on or before December 18, 2020 and the remaining $170,000 to be paid within one year (with no adjustments).

23.    In exchange for Design One waiving its rights to full consideration under the Agreement (which included approximately $900,000 in payments), Hixardt agreed to make payment of $450,000 on or before December 18, 2020.

24.     On December 18, 2020, Hixardt again refused to close on the sale or tender any payment for Design One's assets.

25.     As of the date of this Complaint, Hixardt failed and refused to honor its obligations under the Agreement or the Amendment and has made no payment to Design One for its assets.

26.     Design One has satisfied its obligations under both the Agreement and the Amendment.

27.     Since February 5, 2020, Hixardt has operated Design One's business and controlled nearly all of its assets (including its customers and accounts receivable) without making any payment to Design One.

28.     Hixardt also used Design One's credit card account with M & T Bank to pay for its separate operating expenses including license agreements, parts and mobile phone expense for Hixardt's employees.

29.     Hixardt has refused to reimburse Plaintiff for the use of its credit card account in violation of the Agreement.

30.     As of December 18, 2020, Hixardt had incurred a balance of Thirty-Four Thousand Six Hundred Seventy-Eight Dollars and 95/100 ($34,678.95) on Design One's M&T Bank credit account.

31.     Hixardt has refused to pay the balance it incurred on Design One's credit account notwithstanding numerous demands to do so.

32.    Hixardt also used the services Design One's employee solely for the purpose of promoting Hixardt's business.

33.    The employee's salary and benefits totaling approximately $100,000 were paid by Design One from February through December, 2020.

34.    Hixardt agreed that the employee's salary and benefits would be reimbursed to Design One at closing on the Agreement.

35.    Hixardt, however, has refused to reimburse Design One for the expense of its employee's salary and benefits during the period Hixardt used this employee's services to exclusively promote its business.

36.    Mr. Hicks and Hixardt retain possession of all of Design One's assets and refuse to pay anything to Design One while having incurred expenses that Design One has been required to pay.

37.    Upon information and belief, neither Hixardt nor Mr. Hicks had the ability or intention to pay the amounts promised to Design One under the Agreement or the Amendment.

### Count 1:    Breach of the Business Purchase Agreement

38.    Design One incorporates all allegations stated above as if restated here.

39.    The Agreement (dated February 5, 2020) is a valid and binding contract between Hixardt and Design One.

40.    In exchange for all of Design One's assets (including its customers, accounts receivable and other property), Hixardt agreed to pay approximately $450,000 to Design One within 120 days and an additional $450,000 in 12 months after that (both amounts were subject to certain adjustments based on the performance of the company).

41.    Design One conveyed all of its assets to Hixardt in compliance with the Agreement.

42.    While Design One complied with the terms of the Agreement, Hixardt has continuously refused to make any payment to Design One for its assets.

43.    Hixardt breached the Agreement by its failure and refusal to close the sale and pay Design One for its assets as required.

44.    As a result of Hixardt's breach of the Agreement, Design One has suffered significant damages.

45.    Design One has lost the value of the assets it conveyed to Hixardt -- approximately Nine Hundred Thousand Dollars ($900,000.00) as set forth in the Agreement.

46.    Design One has incurred (and will continue to incur) legal fees and other costs as a result of Hixardt's breach of the Agreement.

47.    Design One is entitled to reasonable attorneys' fees and court costs incurred as a direct result of Hixardt's breach of the Agreement.

48.     Hixardt is also in violation of the parties' agreement regarding the use of Design One's employee's services and its M&T Bank credit card account.

49.     Hixardt agreed to reimburse Design One for the salary and benefits Design One paid to its employee while working exclusively to promote Hixardt's business.

50.     Despite agreeing to reimburse Design One for operational costs incurred during the period from February 5, 2020, Hixardt refused to pay the credit account charges it incurred on Design One's M&T Bank credit account totaling approximately $35,000.

51.     Despite making demands for payment, Hixardt has refused to pay or reimburse Design One for the use of its employee and credit card account.

52.     Design One is also entitled to approximately $100,000 for the salary and benefits Design One paid to its employee while the employee was working exclusively for Hixardt.

53.     Any defense that Design One waived its claims under the Agreement by executing the Amendment is ineffective and inapplicable to this situation.

54.     Design One agreed to enter into the Amendment based on Mr. Hick's fraudulent misrepresentations that he would pay $450,000 on or before December 18, 2020.

55.     Mr. Hicks knew or should have known that his representations concerning Hixardt's or his own ability and intent to pay $450,000 on or before December 18, 2020 were false or made with reckless disregard for the truth.

56.     Design One's waiver of its claims against Hixardt (under the Agreement) as set forth in the Amendment is invalid.

57.     The Amendment does not constitute a valid agreement because Mr. Hicks and Hixardt never intended to comply with its terms.

58.     The Amendment was entered into as a result of Mr. Hicks' fraudulent statements about his ability to pay $450,000 by December 18, 2020.

59.     Mr. Hicks' purpose for entering into the Amendment was to deceive Design One into reducing its claims under the Agreement and does not constitute a meeting of the minds.

### Count 2:  Breach of the Amendment

60.     In the alternative, Hixardt is in breach of the parties' Amendment (dated December 7, 2020).

61.     Design One and Hixardt entered into a binding contract wherein Design One agreed to reduce the purchase price for Design One's assets upon the Defendants' promise to pay $450,000 on or before December 18, 2020 (and an additional $170,000 within one year) with no adjustments.

9

62.     Design One fulfilled all of its obligations under the Amendment having turned over its assets to Hixardt and having also agreed to waive its claims against Hixardt under the Agreement.

63.     Hixardt breached the Amendment when it failed to make its initial payment of $450,000 no later than December 18, 2020 as required.

64.     Hixardt is in material breach of the Amendment having tendered no payment. As such the entire consideration for the purchase of Design One accelerates and is due immediately.

65.     Design One is entitled to payment of all amounts due under the Amendment, plus interest.

66.     In addition, Design One is entitled to all costs (including its reasonable attorney's fees) incurred as a result of Hixardt's breach of the Amendment.

67.     The Amendment provides in pertinent part:

> **21.   Payment of Fees upon Breach.**  In the event that a Party shall breach any of the terms of and conditions or fail to comply with any of the terms and conditions of this Agreement, the costs and expenses of any litigation, or other action of any nature to seek compliance with, or performance of this Agreement, including but not limited to attorneys' fees, shall be paid to the prevailing Party by the non-complying or non-conforming, Party." Id.

68.    Design One has incurred and will continue to incur significant costs (including attorney's fees) in seeking Defendant's compliance with the Amendment.

### Count 3:  Fraud or Intentional Misrepresentation

69.    Design One incorporates all matters set forth above as if re-stated here.

70.    Defendant, Mr. Hicks, individually, and through his agents, intentionally or in reckless disregard for the truth made false statements and assurances to Design One (and its agents) with the intent to deceive Design One.

71.    Mr. Hicks promised that his company, Hixardt, would pay Design One approximately $900,000 for Design One's assets within 120 days of February 5, 2020.

72.    Mr. Hicks knew or should have known that his statements were false.

73.    Mr. Hicks had no intention of paying Design One for its assets when it took control over Design One's assets.

74.    Mr. Hicks' false statements and assurances were intended to deceive Design One into turning over its assets.

75.    Likewise, Mr. Hicks intentionally made false statements that he would repay Design One for the use of its M&T Bank credit card account and for the use of its employee for Hixardt's business.

76.    Mr. Hicks knew or should have known that these statements were false or the statements were made with reckless disregard for the truth.

77.    Design One was reasonable in relying on Mr. Hicks' statements and did; in fact, rely on those statements.

78.    Design One suffered damages as a direct result of Mr. Hicks' false statements; including the value of Design One's assets (approximately $900,000).

79.    Design One's damages also include the charges Hixardt incurred on Design One's credit account as well as the salary and benefits paid by Design One to its employee while working exclusively for Hixardt.

80.    These additional damages total approximately $135,000.

81.    In the alternative, Mr. Hicks, individually, and through his agents, made material statements and assurances to Design One that he would pay Plaintiff $450,000 on or before December 18, 2020.

82.    Mr. Hicks knew or should have known that these statements and assurances were false at the time he made them (alternatively, the statements were made in reckless disregard for the truth).

83.    Mr. Hicks intended to deceive Design One when he promised to pay $450,000 on or before December 18, 2020 and $170,000 within 12 months thereafter.

84.     Design One reasonably relied on Mr. Hick's false statements and assurances (conveyed through his agents).

85.     At the time he made his statements and gave his assurances to Design One, Mr. Hicks had neither the intention nor the ability to pay $450,000 to Plaintiff on or before December 18, 2020.

86.     Relying on Mr. Hicks' assurances that he would pay $450,000 on or before December 18, 2020, Design One agreed to waive its claims for damages under the Agreement and agreed to accept $620,000 instead of approximately $900,000 as the purchase price for Design One's assets.

87.     Design One (and its sole shareholder, Allen Shapiro) was deceived by Mr. Hicks' false and misleading statements regarding his willingness and ability to pay $450,000 on or before December 18, 2020.

88.     Design One was reasonable in its reliance on Mr. Hicks' assurances.

89.     As a result of Mr. Hicks' false statements and assurances of payment, Design One has suffered damages.

90.     As Hixardt's controlling shareholder, Mr. Hicks is personally responsible for fraudulent actions he committed against Design One or statements he made to Design One on behalf of Hixardt and himself.

91.   As a result of Mr. Hicks' fraudulent actions the entire $620,000 is due and payable along with Design One's reasonable costs in pursuing this matter including its attorney's fees.

WHEREFORE, the Plaintiff, DESIGN ONE CORPORATION, INC.,  prays that this Court:

A.   Enter a Judgment in favor of the Plaintiff, Design One, against Defendant, Hixardt Technologies, Inc. for $900,000 for breach of the Agreement dated February 5, 2020;

B.   Enter a Judgment in favor of Plaintiff, Design One, against Defendant, Hixardt Technologies, Inc., for $134,678.95 for the use of Design One's credit account and employee's services without payment in breach of the Agreement;

C.   In the alternative, enter a Judgment in favor of Plaintiff, Design One, and against Defendant Hixardt Technologies, Inc. for $620,000 for its breach of the Amendment dated December 7, 2020;

D.   Enter a judgment in favor of Plaintiff, Design One, against Defendant, Hixardt Technologies, Inc. for all reasonable costs incurred by Design One including its attorney's fees in seeking to enforce the Agreement or the Amendment;

E.     Enter a Judgment against Mr. Hicks personally for his fraud committed against Design One; and

F.     Award the Plaintiff any such further relief as is legal or justified.

/s/ *Jeremy C. Branning*
**JEREMY C. BRANNING**
Florida Bar No.:  507016
**ANDREW M. SPENCER**
Florida Bar No.:  0119966
CLARK PARTINGTON
125 East Intendencia Street
Pensacola, Florida 32502
P/E: jbranning@clarkpartington.com
P/E: aspencer@clarkpartington.com
S/E: jdallman@clarkpartington.com
Phone: (850) 434-9200
Fax: (850) 432-7340
*Attorneys for Plaintiff,*
*Design One Corporation, Inc.*
